IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. 05-0137-WS** |
| | ) | |
| **MORRIS LABARRIN DENT,** | ) | |
| | ) | |
|     **Defendant.** | ) | |

**ORDER**

      This matter is before the Court on defendant's Motion to Amend Judgment *Nunc Pro Tunc* (doc. 22).

      On July 29, 2005, defendant Morris Labarrin Dent pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On January 5, 2006, the undersigned sentenced Dent to a term of imprisonment of 40 months in the custody of the United States Bureau of Prisons, to be followed by a 3-year term of supervised release. Dent now files a *pro se* Motion to Amend Judgment, requesting that his 40-month sentence be amended to time served or that it otherwise be reduced to a shorter period of incarceration. As grounds for this request, Dent asserts that he suffers from an enlarged heart, that he requires a heart transplant, and that during his imprisonment his health has deteriorated because he has been "unable to continue his medical treatment".[1]

      This Court is not empowered to modify Dent's sentence under the circumstances presented here. District courts do not possess "some sort of inherent authority to modify a sentence." *United States v. Diaz-Clark*, 292 F.3d 1310, 1317-18 (11th Cir. 2002). To the contrary, it is exceedingly well established that a sentencing court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005) ("Generally, a district court may not modify a term of imprisonment once imposed"); *United States v. Bowens,* 2005 WL 3311989, *1 (11th Cir.

---

[1]     Petitioner's health problems are documented in the Presentence Investigation Report (doc. 18), which reflects that he has an enlarged heart, high blood pressure, high cholesterol, and arthritis in his right hip, and that he was being considered for a heart transplant. (PSI, at ¶ 78.) Thus, this information was available to the undersigned at sentencing.

Nov. 8, 2005) (similar); *Quesada Mosquera v. United States*, 243 F.3d 685, 686 (2nd Cir. 2001) (similar); *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) ("A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."); *United States v. Lenderman*, 2004 WL 335024, *1 (4th Cir. Feb. 23, 2004) ("the court may not modify a term of imprisonment once it has been imposed except in very narrow circumstances").

By statute, a sentencing court may modify a term of imprisonment only (1) upon motion by the Director of the Bureau of Prisons, (2) "to the extent otherwise expressly permitted by statute or by Rule 35," or (3) in certain limited circumstances where a sentencing guidelines range has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c); *see also United States v. McGranahan*, 2006 WL 460929, *1 (11th Cir. Feb. 27, 2006) (explaining that district court may correct sentence under Rules 35 or 36, or may modify a sentence under § 3582(c)); *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004) ("It is clear in this Circuit that Rule 36 may not be used to make a substantive alteration to a criminal sentence.") (citation omitted). Here, there is no motion from the Bureau of Prisons, no jurisdiction under Rule 35 or any statute other than § 3582(c), and no subsequent lowering of the applicable guidelines range. Therefore, regardless of any "nunc pro tunc" designations in Dent's Motion, this Court lacks jurisdiction to grant the requested relief.[2]

For all of the foregoing reasons, petitioner's Motion to Amend Judgment *Nunc Pro Tunc* (doc. 22) is **denied** for lack of jurisdiction.

DONE and ORDERED this 29th day of August, 2006.

             s/ WILLIAM H. STEELE
             UNITED STATES DISTRICT JUDGE

---

[2] Petitioner's stated concerns that he "has been unable to continue his medical treatment" during his incarceration are troubling; however, they do not confer upon this Court the authority to modify, adjust or reduce his sentence. Any issues petitioner may have with the adequacy of medical care that he is receiving in prison must be directed to the facility at which he is incarcerated or to the Bureau of Prisons, at least in the first instance.